DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court, Juvenile Division, judgment that denied the motion for contempt filed by Appellant Ann F. Lane. The court determined that appellant had not presented sufficient evidence for a contempt finding against Appellee Marion Ray James.
 {¶ 2} Appellant assigns the following errors for review:
First Assignment of error:
"The Court erred by not holding marion ray james in contempt."
Second Assignment of error:
"The court erred by using evidence not allowed to be presented at the hearing which is an abuse of discretion."
 {¶ 3} On April 21, 2003, appellant filed a motion for contempt and alleged, inter alia, that appellee failed to comply with the parties' shared parenting agreement that allowed her to have telephone contact with the children. Appellant complained that appellee has interfered with her telephone contact.
 {¶ 4} On July 18, 2003, the trial court denied appellant's motion to find appellee in contempt. The court determined that appellant failed to present sufficient evidence for a contempt finding.
 {¶ 5} Appellant filed a timely notice of appeal.
 I {¶ 6} In her first assignment of error, appellant argues that the trial court erred by failing to find appellee in contempt. We disagree.
 {¶ 7} An appellate court reviews a trial court's decision on contempt proceedings under an abuse of discretion standard.State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11,417 N.E.2d 1249. An abuse of discretion consists of more than error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Statev. Lessin (1993), 67 Ohio St.3d 487, 494, 620 N.E.2d 72; Rockv. Cabral (1993), 67 Ohio St.3d 108, 112, 616 N.E.2d 218. When applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138,566 N.E.2d 1181, citing Berk v. Matthews (1990), 53 Ohio St.3d 161,169, 559 N.E.2d 1301.
 {¶ 8} Contempt is a disregard of, or disobedience to, an order or command of judicial authority. State v. Flinn (1982),7 Ohio App.3d 294, 295, 455 N.E.2d 691. In Wolfe v. Wolfe (July 30, 1998), Scioto App. No. 97CA2526, we stated:
"The authority and proper functioning of the court are the primary interests involved in a contempt proceeding and, therefore, great reliance should be placed on the discretion of the trial court judge. See Denovchek v. Bd. of Trumbull Cty.Commrs. (1988), 36 Ohio St.3d 14, 16, 520 N.E.2d 1362. To that end, numerous appellate districts have held that trial courts may decline to hold a party in contempt notwithstanding abundant and uncontroverted evidence that a court order has been violated. See, e.g., Nielsen v. Meeker (1996), 112 Ohio App.3d 448, 452,679 N.E.2d 28; Lentz v. Lentz (1924), 19 Ohio App. 329, 334;Clark v. Clark (Apr. 19, 1993), Preble App. No. CA92-01-001;Bardenhagen v. Bardenhagen (Aug. 27, 1990), Clermont App. No. CA90-01-009. The same position has also been adopted by this court. See, e.g., In re Skinner (Mar. 23, 1994), Adams App. No. 93CA547; Shafer v. Shafer (Nov. 31, 1993), Washington App. No. 93CA16."
 {¶ 9} Thus, even if abundant and uncontroverted evidence establishes that a person disobeyed the court's order, a trial court is not required to enter a contempt finding. Rather, the matter is entrusted to the trial court's own discretion.
 {¶ 10} After our review of the record in the case sub judice, we find not abuse of discretion committed by the trial court. We find that the trial court's judgment is not unreasonable, unconscionable or arbitrary.
 {¶ 11} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II {¶ 12} In her second assignment of error, appellant asserts that the trial court erred by allegedly considering evidence that it had previously determined would not be admitted at the contempt hearing. We disagree with appellant.
 {¶ 13} At the hearing, appellee withdrew a previously filed motion that had attached to it an affidavit containing various allegations. The court thus advised appellant that she could not address the allegations that appellee made in the affidavit. During the course of the contempt hearing, the court, in responding to appellant's statement that "opposing counsel is trying to place in the mind of the court that there was a diagnosis made that the mother was a problem," stated, "No, I'm talking about the allegations that you were giving the finger up there, you were disruptive, you sat there for two hours —"
 {¶ 14} Appellant did not object to the court's alleged consideration of the allegations made in the affidavit. Appellant thus has not properly preserved the issue for appellate review, and we may not consider it. See Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 121, 679 N.E.2d 1099.
 {¶ 15} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.
Judgment Affirmed.
Kline, P.J., concurs in Judgment Opinion.
Harsha, J., concurs in Judgment Only.