[Cite as *Colagiovanni v. Hayden*, 2018-Ohio-4951.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| TONI COLAGIOVANNI, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | CASE NO. 2018-L-034 |
| DUCAL L. HAYDEN, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Juvenile Division.
Case No. 2015 CV 01615.

Judgment: Affirmed.


*David N. Patterson* and *Karen L. Hummel*, 30432 Euclid Avenue, Suite 101, Wickliffe, OH 44092 (For Plaintiff-Appellant).

*Jon D. Axelrod* and *Rochelle M. Hellier*, Axelrod Law Office, 36615 Vine Street, Suite 102, Willoughby, OH 44094 (For Defendant-Appellee).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Toni Colagiovanni, appeals from the February 8, 2018 judgment of the Lake County Court of Common Pleas, Juvenile Division. The trial court adopted the December 4, 2017 magistrate's decision that found appellant in contempt of the trial court's June 21, 2016 order and imposed a sentence conditioned on appellant's failure to purge. On appeal, appellant takes issue with the finding of contempt and the purge conditions. The trial court's judgment is affirmed for the following reasons.

{¶2} Appellant and appellee, Ducal L. Hayden, are the parents of A.H. (d.o.b. 02/16/11). Appellant resides in Ohio, and appellee resides in Florida.

{¶3} On October 29, 2015, appellant filed a complaint in the Lake County Court of Common Pleas, Juvenile Division, requesting to be designated the legal custodian of A.H. Subsequently, appellant filed a motion to establish child support, and appellee filed a motion for a shared parenting plan with a proposed parenting plan attached.

{¶4} A trial to the magistrate was scheduled to address appellant's complaint and the motions filed by the parties. However, in lieu of a trial, the parties reached an agreement that they would follow a shared parenting plan pursuant to which both parents were designated as legal custodian of A.H. Appellant was designated as the residential parent, and the parties agreed A.H. would travel to Florida several times a year to spend time with appellee. The shared parenting plan states, in pertinent part:

> Unless the parties otherwise agree, Father shall have parenting time with the minor child as follows:
>
> - June 12 or the nearest weekend until two weeks prior to the start of the school year every summer.
> - Spring break even-numbered calendar year.
> - Winter break from school in even numbered calendar years[.]
>
> The parties may modify the dates and times of the above parenting schedule as they can mutually agree in writing.
>
> The parties shall meet at a central meeting point, the Cracker Barrel restaurant at 2300 Legrand Road in Columbia, SC, for all parenting time exchanges unless the parties agree otherwise.
>
> * * *
>
> Transportation: The parties shall agree to a meeting place for all parenting time exchanges approximately halfway between their respective residences. If the parties cannot agree then the meeting place will be the Cracker Barrel restaurant at 2300 Legrand Road in Columbia, SC. Each parent shall be responsible for ensuring that

2

only licensed drivers transport the child and that no person under the influence of drugs or alcohol transports the child. If the parties agree to fly the child they will share equally in the cost to do so, and agree upon the most appropriate airport.

Regarding child support, the magistrate's decision states: "The parties acknowledge that mother receives child support through the U.S. Coast Guard. If necessary, she may apply for child support through [the Lake County Department of Job & Family Services] in the future." The shared parenting plan was adopted by the trial court as a court order on June 21, 2016.

{¶5} On June 21, 2017, appellee filed a contempt motion and a motion for attorney fees. Appellee alleged appellant failed to allow him his parenting time pursuant to the court's order of June 21, 2016. Appellant filed a "Motion to terminate and/or modify shared [p]arenting plan" on August 8, 2017.

{¶6} After a trial to the magistrate, a magistrate's decision that included findings of fact and conclusions of law was filed on December 4, 2017. Appellant's motion to modify or terminate the shared parenting plan was denied. The magistrate found appellant to be in contempt of the court's June 21, 2016 order. Appellant was sentenced to "serve thirty (30) days in the Lake County Jail and is ordered to pay a $250.00 fine." Execution of the sentence was conditioned on appellant's failure to meet certain purge conditions.

{¶7} Appellant filed a transcript and objections to the magistrate's decision. Appellant argued appellee failed to prove by clear and convincing evidence that appellant was in contempt. Appellant further raised the defense of substantial compliance, arguing that she "substantially complied to the very best of her reasonable ability * * * with the summer visitation in Florida in light of the best interest of the minor

3

child, the Plaintiff's concerns and financial difficulties, motor vehicle difficulties, and the unsafe conditions of requiring a six-year-old child to fly unaccompanied from Ohio to Florida." Appellant also argued the purge conditions were unreasonable.

{¶8} With leave of court, appellant filed supplemental objections on January 30, 2018. Appellant did not raise any new objections but provided further analysis to the objections previously raised.

{¶9} The trial court overruled the objections and supplemental objections on February 6, 2018. Further, on February 8, 2018, the trial court entered judgment adopting the magistrate's decision of December 4, 2017. The judgment entry states:

> The Court, having independently reviewed the matter and considered the Decision and the law, finds the Decision to be proper in all respects and adopts it in full.
>
> It is therefore ordered:
>
> - Father's Motion to Show Cause and Motion for Attorneys Fees filed June 21, 2017 is well-taken. Mother, Antoinette "Toni" Colagiovanni is hereby found to be in contempt of the June 21, 2016 Order.
> - Mother is hereby sentenced to serve thirty (30) days in the Lake County Jail and is ordered to pay a $250.00 fine. That sentence is suspended based upon Mother complying with the following purge order:
> - Father, Ducal Hayden, shall exercise compensatory parenting time with [A.H.] during the 2017 and 2019 winter breaks from school (for no less than ten days) and the 2019 Spring Break.[1]
> - Mother is responsible for attorneys fees in the amount of $900.00, payable in full to Mr. Axelrod within ninety (90) days unless another payment arrangement is agreed to by Mr. Axelrod.

---

[1]. At oral argument both parties agreed that the compensatory parenting time had already been exercised. Although the parties did not specify, we presume only the time for the 2017 winter break was satisfied. We note that, accordingly, any issues related to the purge condition ordering that father spend compensatory time with A.H. for the 2017 winter break is rendered moot. *See Marx v. Marx*, 8th Dist. Cuyahoga No. 82021, 2003-Ohio-3536, ¶28; *Holeski v. Holeski*, 11th Dist. Portage No. 2009-P-0007, 2009-Ohio-6036, ¶41.

4

- Mother's Motion to Terminate and/or Modify Shared Parenting Plan filed August 18, 2017 is not well-taken and is hereby denied.
- All prior [orders], unless expressly modified herein are still in effect.
- The cost of this action is assessed to Plaintiff * * * and shall be paid within 14 days. Any outstanding costs, fines and/or fees shall be paid as previously ordered. Failure to pay as ordered shall result in this matter being scheduled for Hearing on Failure to Pay Court Costs.

{¶10} Appellant noticed a timely appeal. On appeal, she raises two assignments of error.

{¶11} Appellant's first assignment of error states:

{¶12} "The trial court abused its discretion in finding Appellant in contempt of court."

{¶13} Contempt is generally understood as a disregard for judicial authority and "may include the disobedience of, or resistance to, a lawful order, judgment, or command of a court officer." *In re G.M.*, 11th Dist. Trumbull No. 2016-T-0092, 2017-Ohio-8145, ¶16, citing R.C. 2705.02; *see also In re Guardianship of Hards*, 11th Dist. Lake No. 2007-L-150, 2009-Ohio-1002, ¶23 (citations omitted).

{¶14} Contempt proceedings can either be criminal or civil. *See Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 141 Ohio St.3d 107, 2014-Ohio-4254, ¶13, citing *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554-555 (2001) (citation omitted). The type of proceeding can be determined by looking at the purpose to be served by the sanction. *Id.* Criminal contempt sanctions are designed to vindicate the authority of the court and are unconditional and punitive in nature. *Id.* at ¶14 (citations omitted). "Sanctions for civil contempt involve a conditional penalty with remedial or coercive purposes and intent to compel compliance with a court order or compensate the other

5

party for losses; where the contemnor has the opportunity to purge a sanction, the contempt is considered civil." *Manley v. Manley*, 7th Dist. Columbiana No. 17 CO 0006, 2018-Ohio-255, ¶12, citing *Docks Venture*, *supra*, at ¶15.

**{¶15}** To prove civil contempt, the moving party must establish by clear and convincing evidence the existence of a court order and the nonmoving party's noncompliance with the terms of the order. *In re G.M.*, *supra*, at ¶16; *Abernethy v. Abernethy*, 8th Dist. Cuyahoga No. 92708, 2010-Ohio-435, ¶27, citing *Morford v. Morford*, 85 Ohio App.3d 50, 55 (4th Dist.1993). If the moving party establishes a prima facie case of contempt, the burden then shifts to the nonmoving party to establish a defense by a preponderance of the evidence. *Ferguson v. Boron*, 7th Dist. Columbiana No. 15 CO 0030, 2018-Ohio-69, ¶14, citing *Morford*, *supra*, at 55, and *Jeffers v. Jeffers*, 7th Dist. Belmont No. 07 BE 36, 2008-Ohio-3339, ¶15.

**{¶16}** A trial court's finding of contempt will not be disturbed on appeal absent an abuse of discretion. *In re G.M.*, *supra*, at ¶18. We also review the trial court's adoption of a magistrate's decision for abuse of discretion. *Carson v. Holmes*, 11th Dist. Portage No. 2010-P-0007, 2010-Ohio-4199, ¶23 (citations omitted). "'Abuse of discretion' is a term of art, describing a judgment neither comporting with the record, nor reason." *Id.*, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). "Further, an abuse of discretion may be found when the trial court 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *Id.*, quoting *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.).

**{¶17}** Appellant argues the trial court abused its discretion when it found her in contempt because she substantially complied with the visitation order. In support, she

cites to *McCree v. McCree*, 7th Dist. Mahoning No. 08 MA 109, 2009-Ohio-2639 and *In re Lane*, 4th Dist. Washington No. 03CA35, 2004-Ohio-412. Both of those cases indicate that substantial compliance with a court order can be a defense to the charge of contempt. *McCree*, *supra*, at ¶27; *In re Lane*, *supra*, at ¶8. Appellant, however, fails to explain how she substantially complied with the order.

{¶18} The magistrate found that appellee suggested A.H. fly to Florida as an unaccompanied minor, but appellant objected because she did not think A.H. would feel comfortable flying alone. Appellant suggested that appellee fly to Ohio and then fly back to Florida with A.H. Appellee did not agree to that arrangement because he had other children he needed to pick up on the way to South Carolina. The magistrate further found: "Mother testified that she did not make [A.H.] available to Father for his 2017 summer parenting time, as she had unexpected expenses, [including] trouble with her car." However, the magistrate determined that although appellant made attempts to plan the visitation, she did not substantially comply with the visitation order because she failed to deliver A.H. to Florida or the designated meeting spot in South Carolina. Appellant does not dispute that she failed to deliver A.H. for visitation. Because the magistrate's findings are supported by the record, and appellant has failed to demonstrate how she substantially complied with the trial court's June 21, 2016 order, her argument is not well taken.

{¶19} Appellant also argues she was justified in violating the trial court's order because of her concern for A.H.'s well-being. Appellant maintains it was not in A.H.'s best interest to fly to Florida as an unaccompanied minor. In support, appellant directs us to the Fourth Appellate District's opinion in *McClead v. McClead*, 4th Dist. Washington No. 06CA67, 2007-Ohio-4624. In that case, the father of a minor child filed

a motion for contempt against the child's mother after she violated the parties' visitation order. The trial court declined to hold the mother in contempt. The father appealed. *Id.* at ¶1. On appeal, the Fourth District Court of Appeals determined it could not conclude the trial court abused its discretion in declining to hold appellee in contempt because "[t]he trial court essentially determined that [mother] had justifiable reasons for disobeying the visitation order. It concluded [mother] believed that the child was being subjected to some type of sexual abuse and violated the order to protect the child." *Id.* at ¶34.

{¶20} In upholding the trial court's decision to *not* find the mother in contempt, the Fourth District emphasized that it was within the trial court's discretion whether to issue the finding of contempt and that the exercise of discretion could only be overruled upon a showing of abuse. *Id.* at ¶33-34; *see also Morehart v. Snider*, 9th Dist. Summit No. 24640, 2009-Ohio-5674, ¶38.

{¶21} The present case is distinguishable from *McClead*. Appellant has failed to establish by a preponderance of the evidence that visitation with appellee is not in A.H.'s best interest. Further, although it may not have been in A.H.'s best interest to fly to Florida as an unaccompanied minor, there were other modes of transportation by which appellant could have transported A.H. to Florida or to the designated meeting point in South Carolina. The magistrate recognized that appellee declined to fly to Ohio to pick up A.H. and then fly back to Florida and that appellant "incurred expenses in 2017 relative to her automobile and her home" which created barriers to transporting A.H. to South Carolina. However, the magistrate concluded "it was nevertheless incumbent upon Mother to make [A.H.] available to Father during Father's designated parenting time periods." At the magistrate's hearing, appellant argued she was unable

8

to send A.H. to Florida for the summer visitation because she was having financial issues. Appellant testified regarding expenses for her house and car, and documentation of those expenses was entered into evidence. Appellant, however, failed to testify regarding her income or to provide any other evidence of her financial situation to support that she was financially precluded from making A.H. available for the visitation. Appellant's argument is not well taken.

{¶22} The evidence indicates appellant failed to comply with the trial court's June 21, 2016 order. Appellant has failed to demonstrate a valid defense for her failure to comply. Accordingly, we cannot determine the trial court abused its discretion in adopting the magistrate's decision that found appellant in contempt of the trial court's June 21, 2016 order.

{¶23} Appellant's first assignment of error is without merit.

{¶24} In her second assignment of error, appellant takes issue with the purge order. The assignment of error states:

{¶25} "The trial court abused its discretion in ordering Appellant to pay Appellee's attorney fees and court costs."

{¶26} Appellant argues that "the Magistrate's conclusion that Mother should be responsible for Appellee's attorney fees in the amount of $900 was a clear abuse of discretion and against the manifest weight of the evidence." Appellant argues she is unable to comply with the purge condition due to her inability to pay.

{¶27} This court has upheld the imposition of attorney fees as a condition of purging contempt. *Brandenburg v. Brandenburg*, 11th Dist. Lake No. 2004-L-085, 2005-Ohio-6417, ¶10; *see also* R.C. 3109.051(K) (If any person is found in contempt of court for failing to comply with or interfering with any order or decree granting parenting

9

time rights issued pursuant to this section * * * the court that makes the finding * * * shall * * * require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court that arose in relation to the act of contempt[.]").  Appellant bears the burden to establish her inability to pay the attorney fees.  *See Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, ¶20.

{¶28} As stated above, evidence was presented at the magistrate's hearing related to appellant's expenses for her house and her car.  Appellant also indicated that appellee was in arrears of $2,000.00 for child support from "four months back in 2015." Appellant affirmed that appellee paid child support "willingly through his work."  This arrangement is reflected in the trial court's June 21, 2016 order, which states that child support "is currently being handled through the U.S. Coast Guard in the State of Florida. If it becomes necessary, Mother, * * * shall make an application through the Lake County Child Support enforcement agency for support."  Appellant did not provide evidence of her income or employment.  Further, no documentation was provided to support that appellee was in arrears of the support agreement, and the arrears appellant alleges for unpaid support are from prior to the agreement memorialized in the June 21, 2016 order.  Accordingly, appellant has failed to establish her inability to pay the purge order with sufficient evidence.

{¶29} Appellant's second assignment of error is without merit.

{¶30} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.


CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents.

10