[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *The Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.,* Slip Opinion No. 2014-Ohio-4254.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4254

THE DOCKS VENTURE, L.L.C., APPELLANT, *v.* DASHING PACIFIC GROUP, LTD., APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *The Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.,* Slip Opinion No. 2014-Ohio-4254.]

*Judgments—Civil contempt—Order finding party in contempt and imposing sentence conditioned on failure to purge is final, appealable order on issue of contempt—Contemnor may have additional appeal on issue of whether purge conditions have been met following execution of sentence on failure to purge.*

(No. 2013-0473—Submitted July 9, 2014—Decided October 1, 2014.)

CERTIFIED by the Court of Appeals for Lucas County, No. L-12-1312.

_____

**O'DONNELL, J.**

{¶ 1} The Sixth District Court of Appeals certified the following conflict question for our resolution: "In a contempt of court action, is the trial court's

judgment finding a party in contempt and imposing a sentence final and appealable when the sentence is imposed, albeit with purge conditions, or when the defendant has failed to purge his contempt and the sentence is executed?"

{¶ 2} For the following reasons, we have concluded that the judgment of contempt is a final appealable order at the time sentence is imposed and the matter is journalized, but we recognize that a contemnor may have an additional appeal on the limited question of whether or not the purge conditions have been met following execution of the sentence on the failure to purge.

{¶ 3} The facts in the case before us reveal that on March 18, 2011, Dashing Pacific Group, Ltd., leased two adjoining properties in a Toledo, Ohio commercial development known as "the Docks" to The Docks Venture, L.L.C.— one containing 16,497 square feet and the other 4,800 square feet. The leases provided that Docks Venture would be responsible for utilities on both properties but required Dashing Pacific to "provide, repair and maintain the necessary distribution systems and other required equipment, fixtures or facilities necessary to furnish such services." Each lease required Dashing Pacific to "install[ ] separate meters for all utilities inside the Leased Premises."

{¶ 4} Docks Venture sublet the 4,800 square foot property to a third party who operated the El Vaquero restaurant, and it opened the Admiral's American Grill restaurant on the larger property.

{¶ 5} On January 24, 2012, Docks Venture filed this action alleging Dashing Pacific breached both leases by failing to provide separate meters for the separately leased premises and seeking specific performance of the leases and damages. It subsequently moved for a preliminary injunction compelling Dashing Pacific to install separate meters, which it alleged were needed to apportion utility costs between Admiral's American Grill and El Vaquero.

{¶ 6} On April 19, 2012, the trial court granted a preliminary injunction and ordered Dashing Pacific to install separate meters for gas, electricity, and

water within 30 days. Asserting that Dashing Pacific had failed to comply with the court's order, Docks Venture sought to hold Dashing Pacific in contempt.

{¶ 7} In an order entered on October 2, 2012, the court found that Dashing Pacific had provided separate meters for each leased premises, but "the lines are crossed inside the leased premises causing a disproportionate billing for various utilities provided," and the leases and the court's prior order had required Dashing Pacific to correct that problem. The court therefore concluded that Dashing Pacific had violated the preliminary injunction, found it in contempt of court, and ordered it to correct the distribution systems within 30 days or the court would impose a fine of $1,000 per day until the company complied with the order.

{¶ 8} Dashing Pacific appealed to the Sixth District Court of Appeals, which denied Docks Venture's motion to dismiss the appeal and held that "a contempt citation is final and appealable if it includes both a finding of contempt and pronouncement of a penalty or sanction, even though the order contains purge conditions." *Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 6th Dist. Lucas No. L-12-1312, at 2. The appellate court certified that its decision conflicted with the Eleventh Appellate District's decision in *Davis v. Davis*, 11th Dist. Geauga No. 2004-G-2572, 2004-Ohio-4390, ¶ 6, which had held that "a contempt citation is not a final appealable order if it only imposes a conditional punishment coupled with an opportunity to purge the contempt. * * * Until the opportunity to purge has been removed, there is no final appealable order."

{¶ 9} We agreed to resolve the conflict. 135 Ohio St.3d 1457, 2013-Ohio-2285, 988 N.E.2d 577.

{¶ 10} Docks Venture maintains that the contempt order is not final until after Dashing Pacific fails to purge its contempt and the trial court orders the $1,000 per day fine into execution. The finding of contempt and the conditional sanctions did not determine the action, because the court still needed to find that Dashing Pacific has failed to purge its contempt before the sanction could be

3

imposed. Docks Venture claims that Dashing Pacific still has a meaningful remedy by way of appeal, because it can seek a stay of the sanction after the trial court orders it into execution. Docks Venture asserts that a contrary holding would deprive the trial court of flexibility, because it could not modify a contempt order if it is final and appealable, and it maintains that the court of appeals' ruling only invites gamesmanship and piecemeal appeals.

{¶ 11} Dashing Pacific asserts that a civil contempt order imposing a sentence conditioned on the failure to purge is a final appealable order, arguing that a contemnor needs an immediate appeal of the contempt judgment in order to protect its property rights and prevent wrongful incarceration. It claims that notwithstanding the opportunity to purge contempt, imposing a sanction determines the action, prevents a judgment in favor of the contemnor, and bars any effective remedy by way of appeal. And, it maintains, a contemnor should not be forced to defy a court order and subject itself to sanctions in order to preserve its right to appeal the contempt judgment.

{¶ 12} Thus, simply stated, the question for resolution is whether a trial court order finding a party in contempt of court and imposing a sanction that contains a purge condition is final and appealable at the time sentence is imposed or at the time the party fails to purge the contempt.

{¶ 13} We have previously distinguished between criminal and civil contempt proceedings based on the purpose to be served by the sanction. *See State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554-555, 740 N.E.2d 265 (2001), citing Dobbs, *Contempt of Court: A Survey*, 56 Cornell L.Rev. 183, 235 (1971).

{¶ 14} Criminal contempt sanctions are unconditional, punitive in nature, and designed to vindicate the authority of the court. *Hicks on Behalf of Feiock v. Feiock*, 485 U.S. 624, 631-633, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988); *Corn* at 555. It is well settled that a criminal contempt order is final and immediately appealable, because it is treated as arising in a separate proceeding from the

underlying litigation. *See, e.g., Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *Bray v. United States*, 423 U.S. 73, 75, 96 S.Ct. 307, 46 L.Ed.2d 215 (1975); *State v. DuBray*, 2000 S.D. 136, 618 N.W.2d 728, ¶ 7; *Von Hake v. Thomas*, 759 P.2d 1162, 1167 (Utah 1988); *Matter of Siracusa*, 458 A.2d 408, 410 (D.C.1983); *Surina v. Buckalew*, 629 P.2d 969, 972 (Alaska 1981), fn. 4.

{¶ 15} Civil contempt sanctions involve a conditional penalty, *Hicks* at 633, "designed for remedial or coercive purposes and are often employed to compel obedience to a court order. * * * [They] are characterized as violations against the party for whose benefit the order was made." *Corn*, 90 Ohio St.3d at 555, 740 N.E.2d 265. As the court explained in *Internatl. Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994), "A contempt fine * * * is considered civil and remedial if it either 'coerce[s] the defendant into compliance with the court's order, [or] * * * compensate[s] the complainant for losses sustained.' * * * Where a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge." (Brackets sic.) *Id.* at 829, quoting *United States v. United Mine Workers of Am.,* 330 U.S. 258, 303-304, 67 S.Ct. 677, 91 L.Ed. 884 (1947).

{¶ 16} The contempt sanctions imposed in this case are civil in nature, because the trial court conditioned imposition of the fine on the failure to purge the contempt. Our research reveals that there is a split of authority regarding whether a civil contempt order is a final order for purposes of appellate review.

{¶ 17} Federal courts view civil contempt orders as interlocutory and hold "except in connection with an appeal from a final judgment or decree, a party to a suit may not review upon appeal an order fining or imprisoning him for the commission of a civil contempt." *Fox v. Capital Co.*, 299 U.S. 105, 107, 57 S.Ct. 57, 81 L.Ed. 67 (1936); *see also Cent. States, Southeast & Southwest Areas Health & Welfare Fund v. Lewis*, 745 F.3d 283, 285 (7th Cir.2014); *United States*

*v. Myers*, 593 F.3d 338, 344 (4th Cir.2010); *United States v. Conces*, 507 F.3d 1028, 1037 (6th Cir.2007), fn. 7. Even if the underlying action has proceeded to a final judgment, an adjudication of civil contempt is not appealable when the contemnor retains the opportunity to purge. *Sec. & Exchange Comm. v. Hickey*, 322 F.3d 1123, 1127-1128 (9th Cir.2003).

{¶ 18} Some states follow this federal view that a civil contempt order is not immediately appealable, although some permit review through extraordinary writ actions. *See, e.g., In re Moroun*, 295 Mich.App. 312, 329, 814 N.W.2d 319 (2012); *In re Marriage of Crow & Gilmore*, 103 S.W.3d 778, 780-781 (Mo.2003); *Von Hake*, 759 P.2d at 1167; *Fitch v. Fitch,* 298 Minn. 529, 530, 213 N.W.2d 925 (1974); *Wagner v. Warnasch*, 156 Tex. 334, 339, 295 S.W.2d 890 (1956); *Brinkley v. Brinkley*, 47 N.Y. 40, 46-47 (1871); *see also State v. Arne*, 579 N.W.2d 326, 329 (Iowa 1998) (permitting review only by way of a petition for writ of certiorari); *Berry v. Maricopa Cty. Superior Court*, 163 Ariz. 507, 508, 788 P.2d 1258 (App.1989), citing *In re Wright,* 36 Ariz. 8, 281 P. 944 (1929) ("Review of a contempt citation is * * * only possible by special action"); *Ex parte Baugh*, 530 So.2d 238, 241 (Ala.1988) ("contempt proceedings are generally reviewable by writ of habeas corpus if the contemner is incarcerated and by writ of certiorari if the contemner is not incarcerated"). The rationale, as the Supreme Court of Minnesota explained in *Semrow v. Semrow*, 26 Minn. 9, 10, 46 N.W. 446 (1879), is that if there is an opportunity to purge, the contempt order is conditional; punishment cannot be inflicted without proof that the contemnor failed to comply, and even then the court might not order the sanction into execution.

{¶ 19} Other jurisdictions, however, hold that a civil contempt order is a final appealable order, even if the court conditions the sanction on the failure to purge. *See, e.g., McCoy v. McCoy*, 55 Va.App. 524, 528, 687 S.E.2d 82 (2010), fn. 2; *Anderson Dundee 53, L.L.C. v. Terzakis*, 363 Ill.App.3d 145, 154-155, 841

N.E.2d 6 (2005); *Bryant v. Howard Cty. Dept. of Social Servs. ex rel. Costley*, 387 Md. 30, 45, 874 A.2d 457 (2005); *Rhoades v. Pryce*, 2005 PA Super 162, 874 A.2d 148, ¶ 9; *Hamilton Capital Group, Inc. v. Equifax Credit Information Servs., Inc.*, 266 Ga.App. 1, 2-3, 596 S.E.2d 656 (2004); *Hooper v. Rockwell*, 334 S.C. 281, 291, 513 S.E.2d 358 (1999); *Internatl. Paper Co. v. United Paperworkers Internatl. Union*, 551 A.2d 1356, 1359 (Me.1988); *Di Nofrio v. Di Nofrio*, 85 R.I. 21, 26, 125 A.2d 194 (1956); *In re Day*, 34 Wis. 638, 642 (1874). Courts recognize that once a party is found in contempt and the court chooses a sanction, all that remains is the execution of the sanction, and thus conditions allowing the contemnor to avoid the sanction do not render the order interlocutory. *Rhoades* at ¶ 9; *Peet v. Peet*, 16 Va.App. 323, 326, 429 S.E.2d 487 (1993).

{¶ 20} This is a matter of first impression for this court. In *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, we addressed whether an indigent contemnor subjected to civil contempt for failure to comply with child support obligations had a right to counsel at the purge hearing. In concluding that the contemnor had no right to counsel, we relied on the differences between a contempt hearing and a purge hearing. We explained that the question of contempt is decided at a contempt hearing, where an alleged contemnor "will have had the opportunity to defend against the contempt charges and otherwise object to or *appeal from a finding of contempt and any purge conditions*." (Emphasis added.) *Id.* at ¶ 30. But at a purge hearing, "the propriety of the contempt finding or the purge conditions is not in question," and the hearing is limited to determining whether the contemnor complied with conditions imposed for purging contempt. *Id.*

{¶ 21} Thus, there are separate questions for appellate consideration resulting from the separate judgments of a trial court in these kinds of contempt matters: one, whether at the time of the finding of contempt and the imposition of sentence the trial court considered the actions of the alleged contemnor and

followed the law in its findings and sentence, and two, whether at the time of the hearing on compliance with purge conditions the court considered whether the contemnor met the conditions or was prevented from doing so. Accordingly, an alleged contemnor may have the opportunity to appeal once from the finding of contempt and again from execution of sentence for failure to purge, presenting different issues to the appellate court to review.

{¶ 22} We recognize that it is inherently unfair to force a party found in contempt to either comply with a potentially illegal or improper contempt order or submit to a sanction in an effort to obtain appellate review of the order the party seeks to challenge. Complying can create a hardship for some litigants, as in this case, where the trial court ordered Dashing Pacific to make repairs at a cost estimated to be $75,000 in order to purge contempt. But if Dashing Pacific had avoided the sanction by purging the contempt, then it would have rendered its appeal moot. *See United States v. Zakharia*, 418 Fed.Appx. 414, 425-426 (6th Cir.2011) (citing cases); *Cent. Emergency Med. Servs., Inc. v. State*, 332 Ark. 592, 594, 966 S.W.2d 257 (1998); *Internatl. Paper Co.*, 551 A.2d at 1361. As one commentator has explained, allowing the immediate appeal of civil contempt orders would "prevent the Hobson's choice otherwise presented to the contemnor—compliance with an invalid order, or submission to contempt sanctions without achieving appellate review." Thomas J. André Jr., *The Final Judgment Rule and Party Appeals of Civil Contempt Orders: Time for a Change*, 55 N.Y.U.L.Rev. 1041, 1054 (1980).

{¶ 23} In accordance with our analysis in *Liming* and this reasoning, a court order finding a party in contempt and imposing a sentence conditioned on the failure to purge is a final appealable order on the issue whether the party is in contempt of court. We further recognize that a contemnor may have an additional appeal on the question whether the purge conditions have been met following execution of sentence on the failure to purge.

**{¶ 24}** For these reasons, the judgment of the court of appeals is affirmed.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, FRENCH, and KEOUGH, JJ., concur.

KATHLEEN A. KEOUGH, J., of the Eighth Appellate District, sitting for O'NEILL, J.

_____

John F. Potts, for appellant.

Spengler Nathanson, P.L.L., Byron S. Choka, and James R. Jeffery, for appellee.

_____