[Cite as *Bostick v. Bostick*, 2015-Ohio-455.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

MARJORIE E. BOSTICK :
:
    Plaintiff-Appellee : C.A. CASE NO. 2014-CA-22
:
v. : T.C. NO. 11DR246
:
CHARLES I. BOSTICK : (Civil appeal from Common Pleas
:  Court, Domestic Relations)
    Defendant-Appellant :
:

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___6th___ day of ____February_____, 2015.

. . . . . . . . . .

JULIA L. LEVERIDGE, Atty, Reg. No. 0072440, 88 West Mound Street, Columbus, Ohio 43215
    Attorney for Plaintiff-Appellee

DARRELL L. HECKMAN, Atty. Reg. No. 0002389, One Monument Square, Suite 200, Urbana, Ohio 43078
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

    **{¶ 1}** Defendant-appellant Charles I. Bostick appeals a decision of the Champaign County Court of Common Pleas, Domestic Relations Division, finding that he failed to purge an earlier order of the trial court finding him in contempt for failure to pay his spousal support order and ordering him to serve a thirty-day jail sentence. Charles filed

a timely notice of appeal with this Court on July 2, 2014.

{¶ 2} After a marriage lasting approximately twenty-one years, the trial court entered the parties' final judgment and decree of divorce on July 16, 2013. The divorce decree included an order requiring Charles to pay plaintiff-appellee Marjorie E. Bostick spousal support in the amount of $3,000.00 per month. Charles appealed the decision of the trial court, and we affirmed the spousal support award in an opinion issued on February 28, 2014. *Bostick v. Bostick*, 2d Dist. Champaign No. 2013-CA-32, 2014-Ohio-736 (hereinafter "*Bostick I*").

{¶ 3} On October 30, 2013, Marjorie filed a motion for contempt against Charles alleging non-payment of the spousal support order. After several continuances granted to both parties, a contempt hearing was held before the trial court on February 26, 2014. Charles did not attend the contempt hearing. Although Charles did not attend the hearing, he was represented by counsel who argued on his behalf. The trial court subsequently found Charles in contempt for failing to pay spousal support to Marjorie as ordered in the divorce decree but deferred determination of his sentence until a hearing on March 26, 2014.

{¶ 4} Charles was present at the hearing on March 26, 2014, during which the trial court sentenced him to thirty days in jail with the opportunity to purge the contempt order by performing a certain condition on or before a hearing scheduled on July 1, 2014, specifically, paying the spousal support arrearage owed to Marjorie. In order to purge the contempt order, Charles was required to pay Marjorie the following amounts: $5,000.00 by April 20, 2014; an additional $5,000.00 by May 20, 2014; and thereafter, $3,000.00 per month plus court costs. It is undisputed that as of July 1, 2014, Charles

had only paid Marjorie $1,000.00 towards the arrearage. Charles did not appeal from the contempt order of February 26, 2014, nor did he appeal from the trial court's imposition of a thirty-day jail sentence on March 26, 2014, if he failed to purge the contempt.

{¶ 5} Nevertheless, Charles was present with his attorney at the July 1, 2014, purge hearing, wherein the trial court found that he had not purged the contempt and ordered him to serve thirty days in jail, as originally ordered. As previously discussed, Charles filed a timely notice of appeal from the trial court 's decision finding that he failed to purge the contempt and imposing a jail sentence. Upon Charles' motion, we granted a stay of the imposition of the jail sentence pending the outcome of the appeal.

{¶ 6} Charles' appeal is now properly before us.

{¶ 7} Charles' sole assignment of error is as follows:

{¶ 8} "THE TRIAL COURT ERRED IN IMPOSING A THIRTY (30) DAY JAIL SENTENCE FOR CONTEMPT OF COURT ON DEFENDANT, WHERE DEFENDANT WAS NOT ALLOWED TO PRESENT EVIDENCE OF HIS INABILITY TO PURGE CONTEMPT."

{¶ 9} In his sole assignment, Charles contends that the trial court erred when it imposed a thirty day jail sentence in light of his failure to purge the contempt order by July 1, 2014. Specifically, Charles argues that the trial court erred when it refused to allow him to present evidence at the purge hearing regarding his inability to pay the arrearage and monthly spousal support award to Marjorie.

{¶ 10} Recently, in *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, the Ohio Supreme Court addressed whether a defendant subjected to civil

contempt for failure to comply with his child support obligations had a right to counsel at the purge hearing. *Id.* In concluding that the defendant had no right to counsel, the Ohio Supreme Court relied on the differences between a contempt hearing and a purge hearing. *Id.* The *Liming* court stated that "the question of contempt is decided at a contempt hearing, where an alleged contemnor 'will have had the opportunity to defend against the contempt charges and otherwise object to or *appeal from a finding of contempt and any purge conditions.*' " (Emphasis added.) *The Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 141 Ohio St.3d 107, 2014-Ohio-4254, 22 N.E.3d 1035, ¶ 20, citing *Liming*, at ¶ 30. "But at a purge hearing, '*the propriety of the contempt finding or the purge conditions is not in question.*' " *Id.* Rather, the purge hearing is limited to determining whether the contemnor complied with the condition imposed for purging the contempt. *Id.*

{¶ 11} A court order finding a party in contempt and imposing a sentence conditioned on the failure to purge is a final appealable order on the issue regarding whether the party is in contempt of court. *Docks Venture*, at ¶ 23. The "contemnor may have an additional appeal on the question of whether the purge conditions have been met following execution of sentence on the failure to purge." *Id.*

{¶ 12} In the instant case, Charles' contempt hearing was held on February 26, 2014. Although he was represented by counsel, Charles did not personally attend the hearing wherein he was held in contempt for failure to pay spousal support as ordered in the parties' final judgment and decree of divorce. Because Charles failed to attend the contempt hearing, the trial court scheduled a second hearing on March 26, 2014, in order to impose a sentence upon Charles for being found in contempt. Charles was present

for the sentencing hearing and represented by counsel. At the March 26, 2014, hearing, it was determined that Charles would be given the opportunity to purge his contempt by paying Marjorie the existing spousal support arrearage by July 1, 2014, or serve a thirty-day jail sentence.

{¶ 13} Pursuant to the decision in *Liming*, Charles had the opportunity at the hearings on February 26, 2014, and March 26, 2014, "to defend against the contempt charges and otherwise object to or *appeal from a finding of contempt and any purge conditions.*" *Id.* at ¶ 30. The trial court's decision on March 26, 2014, was a final appealable order. The record of the hearings establish that Charles did not object to the contempt order nor the purge conditions imposed by the trial court. More importantly, Charles failed to appeal from the trial court's contempt order and the purge conditions. By failing to appeal the trial court's contempt order and purge conditions, Charles waived his right to dispute the propriety of the contempt order, as well as the purge conditions ordered by the court.

{¶ 14} The only issue at the hearing on July 1, 2014, pertained to whether Charles performed the court-ordered conditions necessary to purge his contempt. It is undisputed that Charles only paid Marjorie $1,000.00 towards the spousal support arrearage by July 1, 2014. Thus, the trial court properly found that Charles failed to satisfy his purge conditions. The purge hearing was not the proper venue for Charles to introduce evidence regarding his inability to pay the court-ordered spousal support obligation. The time for presenting evidence on his inability to pay expired when Charles failed to appeal the trial court's decision finding him in contempt and imposing purge conditions. Any issue regarding his inability to pay became res judicata at that point.

The only remaining issue was whether Charles paid Marjorie the spousal support he owed in order to purge the contempt finding. He did not. Accordingly, the trial court did not abuse its discretion when it refused to allow Charles to introduce evidence of his inability to pay the spousal support obligation at the purge hearing and ordered him to serve a thirty days in jail.

{¶ 15} Charles' sole assignment of error is overruled.

{¶ 16} Charles' sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Julia L. Leveridge
Darrell L. Heckman
Hon. Lori L. Reisinger