[Cite as *State v. Arnold*, 2020-Ohio-3749.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo                         Court of Appeals Nos. L-20-1007
                                                                                    L-20-1008
     Appellee

                                                                     Trial Court Nos. CRB-19-10920
v.                                                                                     CRB-19-10919

Clarence Arnold                                         **DECISION AND JUDGMENT**

     Appellant                                      Decided:  July 17, 2020

* * * * *

David Toska, Chief Prosecutor, and Jimmie Jones, Assistant Prosecutor,
for appellee.

Autumn D. Adams, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.  Introduction

{¶ 1} This consolidated matter is before the court on appeal from judgments of the
Toledo Municipal Court, denying defendant-appellant Clarence Arnold's motion to
dismiss charges in two cases, based upon the assertion of double jeopardy protections.
Finding no error, we affirm.

## II. Facts and Procedural Background

**{¶ 2}** Arnold was charged with interference with custody rights in violation of R.C. 2919.23(A)(1), in Toledo Municipal Court case Nos. CRB-19-10919 and CRB-19-10920, refiled from case Nos. CRB-17-12378 and CRB-17-13043. The complainant and Arnold also had an ongoing custody case in juvenile court. Arnold filed a motion to dismiss the charges, arguing actions taken by the juvenile court in sanctioning his conduct bar prosecution arising from that same conduct.

**{¶ 3}** While the juvenile proceedings are separate, and not part of this appeal, Arnold attached a copy of the November 21, 2018 judgment in the juvenile court to his motion to dismiss in each case. Pursuant to this entry, the juvenile court found Arnold in contempt, and imposed a 10-day, stayed sentence. The juvenile court included a purge provision, permitting Arnold to "purge himself of contempt by strictly complying" with the juvenile court's orders regarding counseling and domestic violence services for the children. The juvenile court further ordered that Arnold would remain the residential parent and legal custodian of the children, and specified parenting time for the child's mother.

**{¶ 4}** Arnold acknowledged that, on February 4, 2019, the juvenile court held a purge hearing, and imposed the 10-day sentence. He moved to dismiss the criminal proceedings against him, arguing the city could not prosecute him a second time for conduct addressed by the juvenile court in the contempt proceedings.

2.

**{¶ 5}** The trial court disagreed, and denied Arnold's motion to dismiss in each case, noting double jeopardy protections apply and prohibit a second adjudication only where the defendant was first subjected to criminal contempt proceedings. The trial court found Arnold was subject to a 10-day jail sentence as a result of his failure to purge civil contempt, and therefore, his criminal charges did not run afoul of double jeopardy.

**{¶ 6}** Arnold filed an appeal in each case. On February 24, 2020, we consolidated the appeals.

### III. Assignment of Error

**{¶ 7}** Arnold filed his appeal, as permitted by R.C. 2505.02(B)(4), challenging the trial court's judgment through the following assignment of error:

> The prosecution of Appellant in Toledo Municipal Court is a violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution, and therefore must be dismissed with prejudice.

### IV. Double Jeopardy

**{¶ 8}** We review a decision denying a motion to dismiss on the grounds of double jeopardy applying a de novo standard. *State v. Anderson*, 148 Ohio St.3d 74, 2016-Ohio-5791, 68 N.E.3d 790, ¶ 20. Double jeopardy protections prevent a second prosecution for the same offense after acquittal or conviction, and prevents multiple punishments for the same offense. *State v. Mutter*, 150 Ohio St.3d 429, 2017-Ohio-2928, 82 N.E.3d 1141, ¶ 15, citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 33 L.Ed.2d 656

3.

(1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

{¶ 9} "It is well established that the Double Jeopardy Clause protects against successive prosecutions for the same offense." *State v. Lovejoy*, 79 Ohio St.3d 440, 443, 683 N.E.2d 1112 (1997), citing *United States v. Dixon* (1993), 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). These protections might also apply to contempt proceedings, "but only if the contempt penalty is criminal in nature, rather than civil." *State v. Shabazz*, 8th Dist. Cuyahoga No. 103617, 2016-Ohio-5238, ¶ 11, citing *Dayton Women's Health Ctr. v. Enix*, 68 Ohio App.3d 579, 591, 589 N.E.2d 121 (2d Dist.1991). Therefore, whether the contempt sanction was civil or criminal is key.

{¶ 10} Here, Arnold argues that the actual imprisonment imposed after the purge hearing rendered the contempt criminal in nature, barring a subsequent prosecution. In support, he argues that distinctions between civil and criminal contempt are irrelevant where an individual faces actual imprisonment. Based on controlling law, we disagree.

{¶ 11} We must distinguish between criminal and civil contempt proceedings in order to apply appropriate constitutional safeguards. *State v. Kilbane*, 61 Ohio St.2d 201, 204-205, 400 N.E.2d 386, 390 (1980). We determine the nature of contempt proceedings, primarily, based on the purpose the trial court sought to accomplish in imposing the sanction. *Kilbane* at 206, citing *Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct.1531, 16 L.Ed.2d 622 (1966); *see also Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, ¶ 12.

4.

{¶ 12} If the sanction is remedial, or seeks to coerce conduct for the benefit of a complainant and not the court, the proceeding is generally a civil contempt proceeding. *Liming* at ¶ 12, citing *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253, 416 N.E.2d 610 (1980). "Often, civil contempt is characterized by conditional sanctions" and the contemnor has the ability to avoid the sanction by complying with the court's order. *Id.*

{¶ 13} In contrast, a criminal contempt proceeding involves a sanction meant to punish and vindicate the court's authority. *Id.*, citing *Kilbane* at 206. The sanction in criminal contempt is unconditional. *Id.*

{¶ 14} Based on Arnold's representations, the juvenile court imposed a 10-day jail sentence, but stayed that sentence to permit Arnold an opportunity to purge contempt. Therefore, the sanction was conditional, and civil. Following a purge hearing, the juvenile court determined Arnold failed to purge, and ordered him to serve the sentence. While Arnold argues the purge hearing and imposition of sentence constituted a new, criminal contempt proceeding, his argument lacks merit.

{¶ 15} "A purge hearing is not a new contempt proceeding but a conclusion of the originating contempt hearing, because its purpose is to determine whether the contemnor has satisfied the purge conditions." *Liming* at ¶ 16. Arnold could have avoided the 10-day sentence by satisfying the purge conditions. Furthermore, the juvenile court's imposition of the 10-day sentence was not a new sentence or new sanction, as Arnold "held the keys" to his jailhouse door for the entire period leading up to the purge hearing. *See Liming* at ¶ 17.

5.

**{¶ 16}** Accordingly, because the contempt sanction was conditional and aimed at coercing Arnold's compliance with court ordered obligations, the sanction arose from civil contempt proceedings. The sanction, therefore, did not implicate any double jeopardy protections, and the trial court properly denied the motion to dismiss the charges in municipal court. Appellant's sole assignment of error is found not well-taken.

## V. Conclusion

**{¶ 17}** Finding substantial justice has been done, we affirm the judgments of the Toledo Municipal Court. Appellant Clarence Arnold is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.
_____
JUDGE
Thomas J. Osowik, J.

Gene A. Zmuda, P.J.                          _____
CONCUR.                                                          JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.