[Cite as *In re Estate of Riddle*, 2022-Ohio-644.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

In re Estate of Eddie M. Riddle          Court of Appeals No.  WD-21-041

     Appellee                        Trial Court No.  2012-1204


[Loretta Riddle-Appellant]         **DECISION AND JUDGMENT**

                                           Decided:  March 4, 2022

* * * * *

Thomas E. Teet, for appellant.

Loretta Riddle, pro se.

* * * * *

**DUHART, J.**

{¶ 1} This is an appeal filed by appellant, Loretta Riddle, from the May 27, 2021 judgment of the Wood County Court of Common Pleas, Probate Division.  For the reasons that follow, we affirm the trial court's judgment.

{¶ 2} Appellant sets forth one assignment of error:

The trial court erred and abused its discretion in determining that a portion of the settlement proceeds be allocated to a survival action.

## Background

{¶ 3} Appellant's father, Eddie Riddle, was a millwright by trade. In 2002, and again in 2008, Mr. Riddle was diagnosed with lung cancer. In September 2011, Mr. Riddle signed an Attorney Employment Agreement ("Agreement"), with a law firm out of Texas, in order to seek recovery for personal injury and/or death-related damages due to his exposure to asbestos. On November 30, 2011, Mr. Riddle died from lung cancer and chronic obstructive pulmonary disease ("COPD"). Mr. Riddle was survived by his wife, Kathy Riddle (appellant's mother), two adult children (one of whom was appellant), and three grandchildren.

{¶ 4} On July 16, 2012, the Wood County Court of Common Pleas, Probate Division, admitted Mr. Riddle's last will and testament. Consistent with the terms of the will, Kathy Riddle was named as executor of Mr. Riddle's estate. Other proceedings in probate court ensued. Then, on November 10, 2020, an Application to Approve Settlement and Distribution of Wrongful Death and Survival Claims ("Application") was filed by Kathy Riddle. Thereafter, an amended Application ("Amended Application") was filed. In both the Application and Amended Application, Kathy Riddle requested that the entire settlement proceeds, after attorney fees and expenses, be allocated as a survival claim.

{¶ 5} A hearing was held May 17, 2021, in order for the probate court to receive evidence as to the classification and distribution of the proposed settlement proceeds. On May 27, 2021, the probate court rendered a decision approving the settlement and finding 75 percent of the settlement proceeds, after expenses, should be classified and distributed

2.

as and for the survival claim, and 25 percent should be classified and distributed as and for the wrongful death claim. Appellant timely appealed.

**Arguments**

{¶ 6} Appellant argues the entire settlement should be allocated as wrongful death proceeds. Appellant notes the Agreement did not specify whether the claims were for personal injury or wrongful death. Appellant further observes the Agreement provides it "'shall be construed in accordance with the laws of the state of Texas.'" Appellant cites to Texas law, which was in effect in when her father was first diagnosed with lung cancer, in support of her assertion that a suit for personal injury must be brought within two years after the cause of action accrues. Appellant cites to additional Texas law which provides that a cause of action for personal injury accrues on the date the person knew or should have known of the injury, and that the injury was work-related.

{¶ 7} Appellant contends no testimony was presented that any reasonable diligence was exercised to discover whether her father's injuries were likely caused by the wrongful acts of another, through exposure to asbestos. Appellant maintains when her father signed the Agreement the two-year statute of limitations for a personal injury claim had expired, as he was first diagnosed with cancer in 2002, so only a wrongful death claim was left.

{¶ 8} Appellant also asserts the trial court failed to give weight to the timing that her father signed the Agreement. Appellant submits her father's intent should be decided by extrinsic evidence, just like in *Natl. City Bank v. de Laville*, 6th Dist. Lucas No. L-08-

3.

1240, 2009-Ohio-5725, to conclude the entire settlement should be allocated as wrongful death proceeds.

{¶ 9} Appellee, the Estate of Eddie Riddle, counters that the trial court's judgment should be upheld. Appellee contends the court applied reasonable discretion and properly allocated the settlement proceeds between wrongful death and survival claims. Appellee argues the court clearly delineated why the statute of limitations argument advanced by appellant was not well-taken. Lastly, appellee opines that the reference in the Agreement to Texas law governs only matters relative to the attorney-client relationship, and has no authority as to the pursuit, settlement or classification of the underlying claims.

**Analysis**

{¶ 10} We will first examine appellant's contention that when her father signed the Agreement, the two-year statute of limitations for a personal injury action, under Texas law, had expired. Appellant suggests, pursuant to the Agreement, the laws of Texas govern and bar a personal injury claim on Mr. Riddle's behalf.

{¶ 11} We note the probate court rejected appellant's suggestion, finding "the subject matter settlements cannot be classified as survival actions on the grounds of statute of limitations related argument." The court mentioned "* * * the defendants or named entities in the actions resulting in the underlying settlements did not pursue or succeed in a statute of limitations defense relative to the claims themselves as is apparent by the very existence of the underlying settlements themselves."

4.

{¶ 12} While appellant argues in her assigned error that the probate court abused its discretion, the interpretation of a written contract is a question of law which we review de novo. *See Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108, 652 N.E.2d 684 (1995).

{¶ 13} Upon review, we find the Agreement explains the attorney-client relationship between Mr. Riddle and his counsel. We also find the record clearly shows the probate court was tasked with approving the proposed settlement, then classifying and allocating the settlements proceeds, not construing the Agreement or resolving any disputes under the Agreement. Since the Agreement was not at issue, including when it was signed by Mr. Riddle and its provision regarding Texas law, we conclude the probate court did not err in failing to give weight to the timing that Mr. Riddle signed the Agreement, nor did the court err in rejecting appellant's suggestion that pursuant to the Agreement, the laws of Texas barred a personal injury claim on Mr. Riddle's behalf.

{¶ 14} We now turn to appellant's assertions that the probate court abused its discretion by allocating a portion of the settlement proceeds to the survival action, and that her father's intent should be decided by extrinsic evidence to conclude the entire settlement should be allocated as wrongful death proceeds. Appellant cites to *de Laville*, 6th Dist. Lucas No. L-08-1240, 2009-Ohio-5725, at ¶ 14, where we set forth:

> [t]he interpretation of wills is a question of law, and, thus, when determining intent and interpreting the terms of a testamentary trust, appellate courts apply a de novo standard of review. * * * "A fundamental tenet for the construction of a trust is to ascertain, within the bounds of the

5.

law, the intent of the grantor." * * * As a general rule, when the language of the trust agreement is unambiguous, a grantor's intent can be determined from the express terms of the trust itself. * * * Where the terms are ambiguous or where the grantor's intent is unclear, a court may consider extrinsic evidence to ascertain the grantor's intent. * * *

{¶ 15} Upon review, we find the *de Laville* case inapplicable. In *de Laville*, we reviewed the probate court's determination of the meaning of certain terms in estate documents, while here we are examining the probate court's classification and allocation of a settlement as survival action or wrongful death action proceeds.

{¶ 16} Survival claims and wrongful death claims are separate, independent actions that belong to separate individuals. *Peters v. Columbus Steel Castings Co.*, 115 Ohio St.3d 134, 2007-Ohio-4787, 873 N.E.2d 1258, ¶ 9, 17. A survival claim may be brought by a decedent's estate to recover for injuries suffered by the decedent before his death, while a wrongful death claim belongs to the decedent's beneficiaries for the injuries the beneficiaries personally suffered as a result of the death. *Id.* at ¶ 10, 19.

{¶ 17} Under the general survival statute, R.C. 2305.21, a decedent's claim for personal injuries survives and passes to the personal representative, who may bring an action for the estate's benefit. *Shinaver v. Szymanski*, 14 Ohio St.3d 51, 55, 471 N.E.2d 477 (1984).

{¶ 18} Ohio's wrongful death statute, R.C. Chapter 2125, provides for the recovery of damages by a decedent's estate when the decedent's death was caused by the wrongful acts of another. R.C. 2125.02(A)(1) states, in relevant part:

6.

* * * a civil action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, [and] the children, * * * all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent.

{¶ 19} R.C. 2125.03(A)(1) provides, in pertinent part:

[t]he amount received by a personal representative in an action for wrongful death under sections 2125.01 and 2125.02 of the Revised Code, whether by settlement or otherwise, shall be distributed to the beneficiaries or any one or more of them. The court that appointed the personal representative * * * shall adjust the share of each beneficiary in a manner that is equitable, having due regard for the injury and loss to each beneficiary resulting from the death and for the age and condition of the beneficiaries.

{¶ 20} The decision as to how to allocate wrongful death proceeds rests in the sound discretion of the trial court. *Estate of Haralson*, 6th Dist. Sandusky No. S-97-041, 1998 WL 102207, *2 (Feb. 27, 1998). This decision will not be reversed on appeal, absent an abuse of discretion. *Id.* An abuse of discretion is more than an error of law or judgment; it implies an attitude by the court which is arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

7.

{¶ 21} A review of the record shows the probate court decided the settlement proceeds should be characterized predominantly as and for the survival claim, and to a small degree, as and for the wrongful death claim. In the probate court's 23-page judgment entry, the court made detailed findings and set forth the evidence which impacted its allocation of the settlement proceeds, although the court recognized there was "an overall lack of information surrounding the underlying nature of how the asbestos settlements * * * were arrived at." The court observed that "all parties * * * have been impacted to some degree by Eddie's death." The court determined "the far greater weight of the evidence suggested that the initiation of the asbestos related litigation by Eddie in September, 2011 was in the nature of an action for pain-and-suffering." The court stated "[i]n September, 2011 -- after nine and one half years of enduring surgeries, cancer treatments, and observed and undisputed pain and suffering -- Eddie began the process of seeking compensation for the pain-and-suffering he had endured to that point." The court found, inter alia, "a far greater percentage of these proceeds are in the nature of a survival claim - particularly given the amount of evidence provided at the May 17, 2021 hearing relative to Eddie's illness and treatments over a nine year period of time as compared to the amount of evidence supporting a wrongful death classification."

{¶ 22} We find no abuse of discretion. The probate court's comprehensive conclusions were based on and supported by the law, the record and the evidence. The probate court's decision was equitable, reasonable and justified. Accordingly, appellant's assignment of error is not well-taken.

8.

**{¶ 23}** The May 27, 2021 judgment of the Wood County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                             _____
                                                 JUDGE

Thomas J. Osowik, J.          

Myron C. Duhart, P.J.             _____
CONCUR.                                                 JUDGE

_____
                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.