[Cite as *Andrews v. Andrews*, 2022-Ohio-3854.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Amanda A. Andrews                                    Court of Appeals No.  OT-21-020

    Appellant                                        Trial Court No.  2017 DR 136

v.

Bridget R. Andrews                                   **<u>DECISION AND JUDGMENT</u>**

    Appellee                                         Decided:  October 28, 2022

* * * * *

Amanda A. Andrews, Pro se.

* * * * *

**OSOWIK, J.**

## I.  Introduction

{¶ 1} This appeal arises from the July 6, 2021 judgment of the Ottawa County

Court of Common Pleas, Domestic Relations Division, ordering appellant to serve a 60-

day jail term after failing to purge contempt findings against her.  Appellant was

previously found in contempt for violating the trial court's November 26, 2019 judgment entry granting her a divorce from her now ex-wife, appellee Bridget Andrews. For the following reasons we affirm the trial court's judgment.

## A. Facts and Procedural Background

{¶ 2} On October 14, 2020, appellant was found in contempt of court for violating the obligations imposed upon her in the trial court's November 26, 2019 divorce decree. In the decree, the trial court awarded appellee $65,000 in attorney's fees and $12,293.15 as a distributive award pursuant to R.C. 3105.171. The trial court also ordered appellant to "refinance [a jointly owned property's] mortgage such that [appellee's] name is removed from the debt as soon as possible" or, if unable to do so, list the property for sale, in accordance with a previous order of the trial court.

{¶ 3} On December 6, 2019, appellee filed a post-decree motion for contempt.[1] In her motion, appellee alleged that appellant had not paid the monetary amounts awarded to her in the divorce decree and had not refinanced the mortgage on the jointly owned property or listed the property for sale. Following subsequent, voluminous filings by both parties, appellee's contempt motion ultimately proceeded to a two-day hearing on August 24, 2021 and August 25, 2021. At that hearing, the trial court found appellant in

---

[1] Appellee's motion included eight alleged bases on which appellant was in contempt of her obligations under the divorce decree. Appellee filed a second motion for contempt on March 24, 2020, alleging two additional claims for contempt. All but three of the claims from appellee's first motion, and the entirety of appellee's second motion, were subsequently withdrawn and are not part of this appeal.

2.

contempt for failing to pay appellee's attorney's fees and the distributive award, and for failing to refinance the mortgage or list the property for sale. The trial court ordered appellant to serve a 60-day jail term as a sanction for her contempt. However, the trial court granted appellant a period of 90 days in which to purge her contempt and avoid the jail term by complying with the decree. The trial court's findings were memorialized in a judgment entry on October 14, 2020. Appellant immediately appealed the trial court's contempt findings. That appeal was ultimately dismissed on May 18, 2021, because appellant failed to file a brief despite this court having granted her multiple extensions of time to do so.

{¶ 4} On June 3, 2021, appellee filed a motion alleging that appellant had not purged her contempt and sought imposition of the sanction identified in the trial court's October 14, 2020 order—the 60-day jail term. Appellee's motion proceeded to a purge hearing on July 6, 2021. At the hearing, the trial court determined that appellant had not purged the contempt finding and ordered her to serve the 60-day jail term. The trial court memorialized its findings in a judgment entry that same day. Appellant timely appealed and asserts the following errors for our review.

### B. Assignments of Error

1. Appellee's 'Motion for Contempt(s)' filed on or about December 6, 2019 and March 24, 2020 were not in accordance with statutory mandates and were not properly served upon appellant, therefore

3.

the July 7, 2021 imposition of sentence hearing was not properly before the court.

2. The trial court erroneously found appellant in contempt of court for the failure to pay the 'distributive award' outlined in the judgment entry of divorce, which had been previously reduced to a civil judgment/debt.

3. The trial court abused its discretion in finding appellant in contempt of court without first conducting a plenary hearing in compliance with O.R.C. 2705.05.

4. The trial court's denial of counsel to appellant during the imposition of sentence phase was an abuse of discretion.

5. The 60 day jail sentence imposed for contempt is disproportionate to the alleged offense and is overly punitive.

Because they are related, and resolved through the same analysis, we address appellant's first three assignments of error together.

## II.     Law and Analysis

1. *Appellant waived any challenge to trial court's contempt findings when she failed to appeal the trial court's decision.*

{¶ 5} In her first assignment of error, appellant argues that appellee's motions for contempt were never properly before the court because she was not served by certified U.S. mail with copies of the post-decree motions as required under Civ.R. 75.  In her second assignment of error, appellant argues that the trial court erred in finding her in

4.

contempt of court for failing to pay the distributive award granted to appellee in the divorce decree. In her third assignment of error, appellant argues that the trial court erred when it found her in contempt without holding a hearing required under R.C. 2705.05. Each of these issues relates to the trial court's initial contempt finding on October 14, 2020, rather than the imposition of the contempt sanctions on July 6, 2021. Appellant is barred from raising these issues in the present appeal.

{¶ 6} To reach this conclusion, we first address the precise procedural nature under which the contempt findings were made—specifically, whether the contempt proceedings were criminal or civil in nature. "We determine the nature of contempt proceedings, primarily, based on the purpose the trial court sought to accomplish in imposing the sanction." *State v. Arnold,* 6th Dist. Lucas Nos. L-20-1007, L-20-1008, 2020-Ohio-3749, ¶ 11. "If the sanction is remedial, or seeks to coerce conduct for the benefit of the complainant and not the court, the proceeding is generally a civil contempt proceeding." *Id.* at ¶ 12. "'Often, civil contempt is characterized by conditional sanctions' and the contemnor has the ability to avoid the sanction by complying with the court's order." *Id.* "In contrast, a criminal contempt proceeding involves a sanction meant to punish and vindicate the court's authority." *Id.* at ¶ 13.

{¶ 7} Here, the record reflects that the trial court found appellant in contempt of court on October 14, 2020, for failing to comply with the obligations imposed upon her in the November 26, 2019 divorce decree. While finding her in contempt, the trial provided

5.

appellant with 90 days in which to purge the contempt finding by complying with her obligations. The trial court ultimately held that appellant had not purged her contempt and imposed the conditional 60-day jail term as a sanction on July 7, 2021. Because the trial court granted appellee the opportunity to purge the contempt finding rather than immediately imposing punishment, it is clear that the trial court's purpose in finding appellant in contempt was to coerce her to comply with the divorce decree for appellee's benefit, not to punish appellant and vindicate the court's authority. Therefore, appellant's contempt proceedings were civil in nature and we address her first, second, and third assignments of error in that context.

{¶ 8} In civil contempt proceedings, there are two judgments subject to appellate review. First, the trial court's initial finding that the contemnor is in contempt constitutes a final, appealable order. *Docks Venture, LLC v. Dashing Pacific Group, Ltd.,* 141 Ohio St.3d 107, 2014-Ohio-4254, 22 N.E.3d 1035, ¶ 23. "[T]he question of contempt is decided at a contempt hearing, where an alleged contemnor 'will have had the opportunity to defendant against the contempt charges and otherwise *object to or appeal from a finding of contempt and any purge conditions*.'" *Id.* at ¶ 20, citing *Liming v. Damos,* 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297 (emphasis sic.). A contempt finding following that initial hearing is the subject of a civil contemnor's first appeal. *Id.* at ¶ 23.

6.

{¶ 9} In addition to appeal of the initial contempt finding, a contemnor has a second right to appeal from a sentence imposed following a purge hearing. "[A]t a purge hearing, 'the propriety of the contempt finding or the purge conditions *is not in question,' and the hearing is limited to determining whether the contemnor complied with conditions imposed for purging contempt.*" *Id.* (emphasis added). Therefore, the contemnor then has a subsequent avenue for appeal following a trial court's determination that they have failed to comply with the purge order and imposing a sentence on the contempt finding. *Id.* The appeal from that purge hearing, however, does not include the propriety of the initial finding of contempt as that issue was previously final and appealable at the time it was made. *Id.* at ¶ 23.

{¶ 10} In her first three assignments of error, appellant argues that the trial court lacked personal jurisdiction over her regarding the contempt proceedings due to lack of service, that the trial court erred in finding her in contempt for failing to pay the distributive award granted to appellee in the divorce decree, and that the trial court failed to hold a hearing sufficient to satisfy the requirements of R.C. 2705.05. Each of these arguments relate to the trial court's initial contempt finding in its October 14, 2020 order. In light of *Docks,* that order was final and appealable and, pursuant to App.R. 4(A)(1), appellant was obligated to appeal that decision within 30 days.

{¶ 11} Appellant did seek review of that decision by filing a notice of appeal at the conclusion of the August 25, 2020 hearing. That appeal was assigned case No. OT-20-

7.

017.  Appellant's notice indicated that she sought review of both the trial court's May 4, 2020 order and another judgment "unjournalized at the time of the filing"—subsequently identified as trial court's contempt finding.[2]  Appellant filed an amended notice of appeal on October 21, 2020, that included the October 14, 2020 entry finding her in contempt.  Appellant did not seek leave to amend her notice of appeal prior to filing the amended notice as required by App.R. 3(F).  On February 5, 2021, we granted appellant 14 days to seek leave to amend her notice of appeal.  Appellant filed her motion for leave to amend on February 23, 2021.  On April 27, 2021, we granted her motion and deemed her amended notice of appeal of the trial court's October 14, 2021 contempt order as being timely filed.

{¶ 12} Contemporaneous with appellant's attempts to file a proper notice of appeal, the record on appeal was filed with this court on September 4, 2020.  Pursuant to App.R. 18(A), appellant was required to file her brief within 20 days of receiving notice of filing of the record.  Appellant failed to timely file her brief or seek an extension of that time.  On December 9, 2020, we sua sponte granted appellant leave to file a brief within 10 days or to show cause why her appeal should not be dismissed.  On

[2] Appellant previously sought to appeal the trial court's May 4, 2020 judgment in case No. OT-20-009.  We dismissed that appeal finding that the trial court's decision was a legal nullity not subject to appeal.  On February 5, 2021, we again dismissed appellant's appeal of that decision in case No. OT-20-017 for this same reason.

8.

December 29, 2020, appellant sought an order from this court to remand this matter for a rehearing on the contempt findings alleging that the transcripts of the August 25, 2020 hearing could not be located and, she argued, precluded this court's review of the trial court's order. On January 11, 2021, we granted appellant 40 days to supplement the record in accordance with App.R. 9 and to file her brief within 21 days of supplementation. We informed appellant that this was a final extension of time as to the filing of her brief and that the failure to comply would result in dismissal of her appeal. The supplemental record, including the relevant transcripts, was filed on February 22, 2021. As a result, appellant's brief was due 21 days later. Appellant failed to file a brief and we dismissed her appeal on May 18, 2021.

{¶ 13} In sum, appellant previously appealed the trial court's October 14, 2020 order finding her in contempt of court. That initial appeal provided appellant with the opportunity to challenge the trial court's contempt findings. *Docks,* 41 Ohio St.3d 107, 2014-Ohio-4254, 22 N.E.3d 1035, at ¶ 23. However, appellant failed to comply with this court's orders or the Ohio Rules of Appellate Procedure to properly invoke this court's review of those issues, resulting in dismissal of that appeal.

{¶ 14} Appellant now requests that this court review the trial court's October 14, 2020 contempt order in this subsequent appeal. We are precluded from conducting that review under the doctrine of res judicata. "The doctrine of res judicata is defined as 'a valid final judgment, rendered upon the merits that bars all subsequent actions based

9.

upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action.'" *State v. Mitchell,* 187 Ohio App.3d 315, 2010-Ohio-1766, 931 N.E.2d 1157, ¶ 16 (6th Dist.), citing *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). Regarding successive appeals, issues that could have been raised on direct appeal and were not, are res judicata "and not subject to review in subsequent proceedings." *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. Because *Docks* establishes that a contempt finding constitutes a final appealable order, a party that fails to appeal that order waives their right to dispute the contempt findings following the imposition of sentence for failing to satisfy the purge conditions. *See Bostick v. Bostick,* 2d Dist. Champaign No. 2014-CA-22, 2015-Ohio-455, ¶ 13.

{¶ 15} Appellant's initial attempt to appeal the trial court's October 14, 2020 contempt finding was dismissed as a result of her own conduct. As a result, the trial court's contempt finding, a final appealable order at the time it was entered, remains a final order and is not subject to our review in this subsequent proceeding. *Id.* By waiting to address the trial court's October 14, 2021 contempt findings until after the imposition of sentence following the purge hearing, appellant has waived our review of those issues. *Bostick* at ¶ 13. For these reasons, appellant's first, second, and third assignments of error are found not well-taken.

2. *The trial court did not abuse its discretion in denying appellant's oral motion to continue the purge hearing..*

**{¶ 16}** In her fourth assignment of error, appellant argues that the trial court erred when it proceeded with her purge hearing without counsel present. She argues that she had "an absolute right to be represented during the hearing, as well as ALL phases of the contempt proceedings" pursuant to the 6th and 14th Amendments to the United States Constitution and Section 10, Article 1 of the Ohio Constitution. (emphasis sic). Therefore, she argues, the trial court's failure to continue the hearing until her counsel could be present denied her the constitutional right to counsel and constitutes reversible error.

**{¶ 17}** Before addressing the merits of appellant's argument, we must correct a fundamental misstatement in appellant's brief—that is, whether an accused contemnor has a constitutional right to counsel at all stages of civil contempt proceedings. The Ohio Supreme Court addressed this precise issue in *Liming v. Damos,* 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297. There, the court noted that an alleged contemnor is entitled to counsel at the initial contempt hearing for contempt allegations for failing to comply with support orders as described in R.C. 2705.031. *Id.* at 16 (holding that party

alleged to be in contempt of support and visitation orders is entitled to notice regarding their right to counsel).[3]

{¶ 18} However, relevant to this appeal, *Liming* held that neither the right to counsel in criminal proceedings established in the Sixth Amendment to the United States Constitution or Article I, Section 10 of the Ohio Constitution, nor the Due Process Clauses of the Ohio and United States Constitutions, guaranteed the right to counsel in a civil contempt purge hearing. *Id.* at syllabus, ¶ 23, 32. Specifically, the court held that a purge hearing retains the "civil nature of [the contempt] proceeding." *Id.* at ¶ 18. As a result, the constitutional right to counsel in criminal proceedings does not apply to civil contempt purge hearings. *Id.* at ¶ 23; *see also Segovia v. Likens,* 179 Ohio App.3d 256, 2008-Ohio-5896, 179 Ohio App.3d 256 (10th Dist.) (holding that contemnor was not entitled to counsel at purge hearing as he was not facing imprisonment but merely enforcement of previous contempt order), *Bostick* at ¶ 10; *Souders v. Souders,* 1st Dist. Hamilton No. C-150552, 2016-Ohio-3522, ¶ 17, citing *Liming* at syllabus.

{¶ 19} Importantly, we note that this conclusion is limited to civil contempt purge hearings. An alleged contemnor remains entitled to counsel at a show cause hearing at which the trial court may impose a term of confinement as a sanction for their contempt. It is at the original contempt hearing that the threat of imprisonment, and the actual

---

[3] Appellee's contempt allegations related to non-payment of child support were withdrawn at the August 25, 2020 hearing. As a result, appellant's right to counsel at the contempt finding pursuant to R.C. 2705.031 is not at issue in this appeal.

12.

imposition of sentence occurs. *Liming* at ¶ 17. The actual imposition of sentence demands the procedural safeguards incumbent with the constitutional right to counsel. *Id.* at ¶ 28. This is not the case at the purge hearing as the threat of imprisonment has passed, it is only whether the contemnor has satisfied the purge conditions to avoid enforcement of that punishment that remains. *Id.* at ¶ 45. For these reasons, there is no constitutional right to counsel at a civil contempt purge hearing. *Id.* at syllabus, ¶ 23, 32.

{¶ 20} As the trial court's denial of appellant's motion to continue her purge hearing to obtain counsel did not violate her claimed constitutional right to counsel, we turn to appellant's argument that the trial court nevertheless abused its discretion when it denied her oral motion to continue the hearing. At the purge hearing, appellant made her entire argument as to why her contempt sentence should not be enforced—that is, an alleged lack of service and improper imposition of contempt order on a civil judgment— and was given the opportunity to cross-examine appellee to show that she had, indeed, purged the contempt conditions. Appellant only conditionally requested the presence of her counsel at the conclusion of her argument stating "[s]hould the court not find [her argument] appropriate, I'd ask for it—time to get counsel." The trial court did not address appellant's oral motion and found appellant had failed to satisfy the conditions of the contempt order. By entering judgment without ruling on the motion, we presume the motion was denied. *See State v. El-Amin,* 6th Dist. Lucas No. L-21-1175, 2022-Ohio-

13.

2905, ¶ 8. Appellant argues that the trial court abused its discretion in denying her motion to continue.

{¶ 21} An abuse of discretion is more than an error of law or judgment; it implies an attitude by the court which is arbitrary, unreasonable or unconscionable." *In re. Estate of Riddle,* 6th Dist. Wood No. WD-21-041, 2022-Ohio-644, ¶ 20, citing *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). At the purge hearing, appellant was given the opportunity to cross-examine appellee and to make a full argument as to why the imposition of sentence should not be enforced. She only requested the appearance of her counsel after having provided the trial court with her complete defense to the purge conditions and, only wanted counsel if the trial court planned to rule against her. We find that the trial court's denial of this limited request, at the conclusion of the hearing following the presentation of evidence, was not arbitrary, unreasonable, or unconscionable. As a result, the trial court did not abuse its discretion in denying appellant's motion and her fourth assignment of error is found not well-taken.

3. *The trial court did not abuse its discretion in imposing a 60-day jail term on appellant's failure to purge the conditions of her contempt.*

{¶ 22} In her fifth assignment of error, appellant argues that the 60-day jail term is disproportionate to the conduct supporting the contempt finding and is overly punitive. We review civil contempt orders under an abuse of discretion standard. *State ex rel. Cincinnati Enquirer v. Hunter,* 138 Ohio St.3d 51, 2013-Ohio-5614, ¶ 21.

14.

{¶ 23} Appellant offers no specific argument regarding the alleged error but simply states that the "record herein" reflects the excessive nature of her sentence. Having reviewed that record, we find that the trial court did not abuse its discretion in imposing the 60-day jail term as a sanction for appellant's contempt.

{¶ 24} "The purpose of sanctions in a case of civil contempt is to coerce [the] contemnor in order to obtain compliance with the lawful orders of the court." *In re. M.O.E.W.,* 6th Dist. Ottawa No. OT-18-030, 2019-Ohio-5364, ¶ 13, citing *State v. Kilbane,* 61 Ohio St.2d 201, 205, 400 N.E.2d 386 (1980). Here, the record shows that appellant failed to comply with three separate obligations arising from the divorce decree—to pay appellee's attorney's fees, to pay the distributive award, and to refinance the parties' jointly owned property or list it for sale. In the divorce decree, the trial court explicitly found that the monetary awards were granted to appellee, in part, as a result of appellant's conduct during the divorce proceedings. Appellant also made no effort to refinance the mortgage or list the property for sale. After finding appellant in contempt, the trial court provided her with 90 days to purge her contempt by complying with its orders. Despite nearly a year-long delay between the contempt findings and the purge hearing, appellant still failed to comply with these orders and was ultimately ordered to serve a 60-day jail term.

{¶ 25} Having reviewed the record, we find no support for appellee's argument that the 60-day jail term is excessive. The trial court's order was reflective of the

15.

habitual nature of appellant's conduct and was not the result of the trial court's arbitrary, unreasonable, or unconscionable attitude. Therefore, appellant has not shown that the trial court abused its discretion in finding that she failed to purge her contempt and ordering her to serve the 60-day jail term as a consequence of that failure. For these reasons, we find appellant's fifth assignment of error not well-taken.

### III.    Conclusion

**{¶ 26}** We find each of appellant's assignments of error not well-taken. We therefore affirm the July 6, 2021 judgment of the Ottawa County Court of Common Pleas, Domestic Relations Division. The stay of contempt sentence issued July 8, 2021, is also lifted.

**{¶ 27}** Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Gene A. Zmuda, J.

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.