[Cite as *Columbus v. Flowers*, 2019-Ohio-5205.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Columbus, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-423 |
| v. | : | (M.C. No. 19TRD-136296) |
| Lawrence L. Flowers, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 17, 2019

**On brief:** *Zach Klein*, City Attorney, and *Orley Ahroni*, for appellee.

**On brief:** *Lawrence L. Flowers*, pro se.

APPEAL from the Franklin County Municipal Court

SADLER, J.

{¶ 1} Defendant-appellant, Lawrence L. Flowers, appeals from the June 11, 2019 judgment entry of the Franklin County Municipal Court finding appellant guilty of violating a city of Columbus traffic law. For the following reasons, we affirm the trial court judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} A complaint issued on May 16, 2019 alleged appellant violated Columbus Traffic Code 2131.18(A), a "right of way—stop sign" traffic offense, on East Deshler Avenue at Wilson Avenue in Columbus at approximately 5:30 p.m. (Compl. at 1.) The complaint indicated the conditions included dry pavement, clear visibility, light traffic in a residential area, and no adverse weather, and the incident involved a non-injury crash.

{¶ 3} On May 23, 2019, appellant entered a not guilty plea. On the same day, appellant filed, pro se, a motion to dismiss the traffic ticket, citing Traf.R. 1(A) and (B) and

11(A) and (B). In his motion, appellant asserted that, while stopped at the stop sign, appellant believed he had gained the right-of-way because the driver of other car involved in the incident had pulled over and was talking to someone. Appellant contended an officer, "Truall Jared," despite being informed by appellant of witnesses, issued appellant the ticket without "investigating * * * probable prospective information that could assist the court in making a fairer determination." (May 23, 2019 Mot. at 1, 3.) Appellant concluded the narrative set forth in the crash report is therefore void of any available witness information at the crash site, leaving appellant with the "insurmountable task of overcoming the presumption of the stop sign." (May 23, 2019 Mot. at 4.) As grounds for granting the motion to dismiss, appellant states the "Ticket and CRASH REPORT * * * deprives [appellant] of a broader 'Totality of Circumstances' that could provide the court With a better opportunity to weigh [appellant's] claim to the right of way on Wilson Ave. and, does not well serve the construct of Ohio TRAFFIC RULES, rule 1(A) and (B)." (Emphasis sic.) (May 23, 2019 Mot. at 4.) Appellant included photographs of his own vehicle, a red van, with the motion.

{¶ 4} On May 24, 2019, the trial court issued a notice to appellant that the case was "scheduled for a court trial before [a judge] on * * * June 11, 2019." (May 24, 2019 Notice at 1.) On May 29, 2019, subpoenas were issued to Columbus Division of Police Officer Kenneth Kropp[1] and to the other individual involved in the crash, Alvin Brown, Jr. The cause came for trial before a judge on June 11, 2019. Appellant appeared pro se.

{¶ 5} At the outset of the trial, the judge and appellant discussed the motion to dismiss. The judge asked appellant on what grounds he brought the motion to dismiss, and appellant replied, "[u]nder the circumstances, the way this is applied, I won't have [a] chance of getting a fair trial." (Tr. at 3.) When the judge inquired as to why he believed this, appellant stated "[b]ecause it's just me against the stop sign and someone who said I ran it." (Tr. at 3.) The judge asked "why that is not okay" and stated that appellant "still ha[d] not told the Court any grounds, legal grounds, to dismiss [the] case." (Tr. at 3.) Appellant reiterated "[b]ecause I won't be able to get a fair trial * * * under the circumstances, I don't believe that the statute was constitutionally applied. * * * How can I

---

[1] The case status sheet includes a note stating a subpoena was issued for Jared Truxall on May 28, 2019, but the record does not include a copy of the subpoena itself.

get a fair trial if I can't get * * * testimony from the people that [were] gathered all around?" (Tr. at 3.) The judge responded that if appellant would like a witness to appear at trial, then it is incumbent on appellant to get them to court and indicated appellant could subpoena witnesses. After discussing plea offers, appellant stated he wished to have a trial that day and inquired whether the judge was denying the motion to dismiss. The trial court confirmed it was denying the motion to dismiss, and appellant agreed he was ready to go forward with trial.

{¶ 6} Plaintiff-appellee, City of Columbus, called Alvin Brown, Jr., the driver of the other car involved in the crash, as a witness. According to Brown:

> I was proceeding south on Wilson, headed to work at 5:30 p.m. I had to be at work at 6. I live right around the corner. I was not really going fast. I was proceeding south on Wilson. He was coming, going east on Deshler. Stop sign. He didn't yield to me coming across Wilson, and I hit him on the side. And he ended upon on the right side of Deshler, across Wilson.

(Tr. at 8.) Brown confirmed that appellant had a stop sign but did not yield the right of way, while Brown did not have a stop sign. Brown further testified police were called to the scene, he spoke to an officer, and the officer made a report.

{¶ 7} On cross-examination, appellant asked Brown how many people were around when officers arrived, and Brown testified there were two to three kids, a man who pulled up to the scene to see if everyone was okay, and people who "came to see what was going on." (Tr. at 11.) Brown was not looking at the porches to know if additional people were there. Brown denied being in a rush to get to work and stated he did not know anyone on Wilson. Regarding how far back Brown was when he saw appellant's van, Brown testified that "[w]hen I saw the van is when I struck you." (Tr. at 12.) The following exchange then occurred:

> [Appellant:] Did the officer ask you that you waived the right of way to me?
>
> [Brown:] Did I waive the right of way?
>
> [Appellant:] Did the officer ask you that?
>
> [Appellee's Counsel:] Hearsay.

THE COURT: If the officer was here, you would be able to ask the officer that; but I am not going to be able to allow that. So I will sustain that as well.

[Appellant:] I guess I will take the verdict.

(Tr. at 14.)

{¶ 8} Appellee rested its case. Appellant declined to testify on his own behalf despite the trial court repeatedly offering him the opportunity to do so. When the trial court asked appellant if he had any witnesses to call, appellant inquired whether the trial court was telling him he could get a continuance, and the trial court replied "[n]o." (Tr. at 16.) Appellant called no witnesses and said he stood "on all four corners of the motion to dismiss." (Tr. at 16.) No exhibits, including the police crash report, were admitted into evidence.

{¶ 9} In a judgment entry filed the same day, the trial court denied appellant's motion to dismiss and found appellant guilty of violating Columbus Traffic Code 2131.18(A). The trial court imposed a fine of $50, plus court costs.

{¶ 10} Appellant filed a timely appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 11} Appellant assigns the following as trial court error:

> [1.] DEFENDANT/APPELLANT WAS DENIED DUE PROCESS OF LAW UNDER THE CONSTRUCT OF OHIO TRAFFIC RULES AND THE RULES OF EVIDENCE BY DEFECTS AND MIS-CONDUCT IN THE INSTITUTION OF THE PROSECUTION.

> [2.] DEFENDANT/APPELLANT WAS DENIED DUE DILIGENCE ON HIS OHIO TRAFFIC RULES-PRETRIAL MOTION TO DISMISS COLUMBUS OHIO DIVISION OF POLICE TRAFFIC TICKET 1465061 AND EQUAL PROTECTION OF LAW UNDER THE CONSTRUCT OF OHIO TRAFFIC RULES AND THE RULES OF EVIDENCE BY BIAS AND PREJUDICE OF THE PRE-TRIAL-TRIAL JUDGE COLUMBUS OHIO FRANKLIN COUNTY MUNICIPAL COURT JUDGE CYNTHIA L. EBNER.

## III. LEGAL ANALYSIS

### A. Appellant's First Assignment of Error

{¶ 12} In his first assignment of error, appellant contends he was denied due process of law "under the construct of Ohio traffic rules and the rules of evidence by defects and

mis-conduct in the institution of the prosecution." (Appellant's Brief at 4.) For the following reasons, we disagree.

{¶ 13} In this assignment of error, appellant appears to maintain that his trial on the stop sign violation was, in general, an unfair proceeding that failed to reach the truth. In this regard, appellant cites to Traf.R. 1(A) and (B), which collectively obligate courts to follow the Ohio traffic rules and construe and apply the rules in a manner to "secure the fair, impartial, speedy and sure administration of justice, simplicity and uniformity in procedure, and the elimination of unjustifiable expense and delay." Traf.R. 1(B). Appellant also cites to Evid.R. 101(A) and (B), which collectively obligate courts to follow the rules of evidence and apply the rule of privileges to all stages of all actions under the rules, and to Evid.R. 102, expressing the purpose of the evidence rules "to provide procedures for the adjudication of causes to the end that the truth may be ascertained and proceedings justly determined." Evid.R. 102.

{¶ 14} In terms of what appellant believes made his trial unfair specifically, appellant makes three basic assertions, which we paraphrase as follows: (1) the trial court erred in casually and summarily disposing of appellant's motion to dismiss; (2) appellee should have called the police officer who issued the citation to testify rather than Kropp, who lacked personal knowledge of the events; and (3) in light of the narrative in the crash report, Brown qualified as a "self-contradicting witness" under Evid.R. 613(B). (Appellant's Brief at 12.)

{¶ 15} First, regarding the trial court's handling of appellant's motion to dismiss, our review of the transcript shows the trial court did not treat the motion casually but repeatedly sought explanation of the legal grounds for appellant's motion. Furthermore, the trial court acted in a manner consistent with Traf.R. 11(E), which guides the trial court in handling pre-trial motions in traffic matters. Traf.R. 11(E) states in pertinent part: "A motion made before trial * * * shall be timely determined before trial. Where factual issues are involved in determining a motion, the court shall state its essential findings on the record." Having found appellant had not adequately stated the legal grounds to warrant a motion to dismiss, the trial court in this case denied the motion as a matter of law, rather than based on "factual issues." Traf.R. 11(E). As a result, the trial court was not required to state essential findings on the record under Traf.R. 11(E), and appellant has not

otherwise demonstrated the trial court was obligated to further expound on the motion. Considering all the above, we find appellant's argument that the trial court erred in handling his motion to dismiss to be both against the record and to lack merit.

{¶ 16} Second, regarding calling the ticketing officer as a witness instead of Kropp, appellant specifically argues that appellee was obligated to call the police officer who issued the traffic citation as a "condition precedent" to maintaining its case under Columbus Traffic Code 2131.18. (Appellant's Brief at 5.) Appellant provides no legal argument or authority to support this contention under these facts.[2] As a result, appellant has not demonstrated reversible error on appeal. *State v. Sims*, 10th Dist. No. 14AP-1025, 2016-Ohio-4763, ¶ 11 (stating general rule that an appellant bears the burden of affirmatively demonstrating error on appeal); *State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735, ¶ 34, citing App.R. 16(A)(7) and 12(A)(2) ("An appellant must support their assignments of error with an argument, which includes citation to legal authority."). Moreover, appellant's violation of Columbus Traffic Code 2131.18(A)[3] is supported by the evidence: Brown testified that, as Brown was in the intersection or closely approaching on Wilson, appellant had a stop sign and failed to yield the right-of-way to Brown. Finally, we fail to see how appellant was prejudiced by appellee calling Kropp, who appellant contends lacks personal knowledge of the crash site or investigation, considering the transcript shows Kropp did not testify in this case. Considering all the above, appellant has not demonstrated that appellee's failure to call the ticketing officer supports reversing the traffic violation on this record.

---

[2] We note that an arresting officer or his or her "permanent representative" is required by local rule to attend pre-trial conferences ordered by the trial court, but the Ohio traffic rules and local traffic rules of the Franklin County Municipal Court are silent on whether a ticket-issuing officer is required to attend trial. Loc.R. 4.07 of the Franklin County Municipal Court.

[3] Columbus Traffic Code 2131.18(a) provides in pertinent part:

> Except when directed to proceed by a law enforcement officer, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. After having stopped, the driver shall yield the right-of-way to any vehicle or pedestrian in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways.

{¶ 17} Third, in arguing that Brown qualified as a "self-contradicting witness" under Evid.R. 613(B)(1) and (B)(2)(a), appellant has likewise not demonstrated that reversal of his traffic violation is warranted. (Appellant's Brief at 12.) Initially, we note appellant did not raise this alleged error at trial. " 'It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' " *State v. Campbell*, 69 Ohio St.3d 38, 40 (1994), quoting *State v. Childs*, 14 Ohio St.2d 56 (1968), paragraph three of the syllabus.

{¶ 18} We will exercise our discretion and proceed to address appellant's argument under the plain error standard of review. "A court will find plain error only when '(1) there was an error or deviation from a legal rule, (2) the error was plain and obvious, and (3) the error affected the outcome of the trial.' " *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, ¶ 273, quoting *State v. Mohamed*, 151 Ohio St.3d 320, 2017-Ohio-7468, ¶ 26. "But even if an accused shows that the trial court committed plain error affecting the outcome of the proceeding, an appellate court is not required to correct it; we have admonish[ed] courts to notice plain error with the utmost caution, under exceptional circumstances and *only* to prevent a manifest miscarriage of justice." (Emphasis sic; citation omitted.) *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 23.

{¶ 19} Appellant cites to the exchange in the transcript where appellee objected to appellant asking Brown about whether an officer asked him a question at the scene of the accident about waiving the right of way. The full exchange cited by appellant includes:

> [Appellant:] Did the officer ask you that you waived the right
> of way to me?
>
> [Brown:] Did I waive the right of way?
>
> [Appellant:] Did the officer ask you that?
>
> [Appellee's Counsel:] Hearsay.
>
> THE COURT: If the officer was here, you would be able to ask
> the officer that; but I am not going to be able to allow that. So
> I will sustain that as well.
>
> [Appellant:] I guess I will take the verdict.

(Tr. at 14.)

{¶ 20} Contrary to appellant's argument, this exchange does not "qualify [appellant] as a self-contradicting witness under EVID.R. 613(B)(1) and 2(a)." (Appellant's Brief at 12.) Evid.R. 613(B) provides, in pertinent part, that extrinsic evidence of a prior inconsistent statement of a witness is admissible to impeach that witness under certain circumstances. Evid.R. 613(B). Here, we cannot pinpoint an initial statement from Brown that appellant could use as the basis to impeach Brown under Evid.R. 613(B). Furthermore, other prerequisites to utilizing Evid.R. 613 are absent here. Brown did not deny making a prior inconsistent statement and appellant did not lay a proper foundation to allow for the possible admission of extrinsic evidence. *State v. Ferguson*, 10th Dist. No. 12AP-1003, 2013-Ohio-4798, ¶ 15 ("If a witness denies making a prior inconsistent statement, a proper foundation has been laid, and if, in addition, the prior inconsistent statement does not relate to a collateral matter, extrinsic evidence is admissible."); Evid.R. 613(B)(1). On this record, we cannot say appellant demonstrated the trial court committed error, let alone a " 'plain and obvious' " error, under Evid.R. 613(B). *Beasley* at ¶ 273, quoting *Mohamed* at ¶ 26.

{¶ 21} To the extent appellant argues that the trial court erred in sustaining appellee's objection based on hearsay generally, appellant has not shown how not allowing Brown to answer the question posed here affected the outcome of his trial. Appellant's argument is premised on the narrative in the crash report, which was not admitted into evidence and is absent from the appellate record. Moreover, as previously discussed in this assignment of error, appellee provided sufficient evidence to support the violation of Columbus Traffic Code 2131.18(A) through the testimony of Brown, and appellant declined to testify, leaving Brown's version of events wholly unrebutted.

{¶ 22} Considering all the above, appellant has not demonstrated he was denied due process of law under Ohio traffic rules, the rules of evidence, or "by defects and mis-conduct in the institution of the prosecution." (Appellant's Brief at 4.) Therefore, appellant's assignment of error lacks merit.

{¶ 23} Accordingly, we overrule appellant's first assignment of error.

**B. Appellant's Second Assignment of Error**

{¶ 24} In his second assignment of error, appellant contends he was denied "due diligence on his Ohio traffic rules-pretrial motion to dismiss [his ticket] and equal

protection of law under the construct of Ohio traffic rules and the rules of evidence by bias and prejudice of the pre-trial-trial judge."[4]  (Appellant's Brief at 4.)  Appellant does not argue the trial court judge should have been disqualified but, instead, essentially argues he was denied a fair trial due to judicial bias.  We disagree.

{¶ 25}  "It is well settled that a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law."  *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 34.  *See Fifth Third Mtge. Co. v. Berman*, 10th Dist. No. 17AP-563, 2019-Ohio-1068, ¶ 43, *appeal not accepted*, 156 Ohio St.3d 1465, 2019-Ohio-2892 (considering an appellant's claim of judicial bias as it relates to an alleged due process violation).  Judicial bias is demonstrated by "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts."  *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469 (1956).  "A judge is presumed not to be biased or prejudiced, and a party alleging bias or prejudice must present evidence to overcome the presumption."  *Wardeh v. Altabchi*, 158 Ohio App.3d 325, 2004-Ohio-4423, ¶ 20 (10th Dist.).

{¶ 26}  Under this assignment of error, appellant essentially contends the trial court judge was biased against him due to: (1) her handling of the motion to dismiss at trial in a casual manner insufficient under Traf.R. 11(E) and not "revisit[ing]" the motion in order to reconcile testimony with the crash report; (2) her failure to compel the attendance of the police officer who issued the ticket; and (3) her failure to "advise appellant of the opportunitie [sic] available under CRIM R. 44."[5]  (Appellant's Brief at 14, 15.)

{¶ 27}  Appellant has not provided legal authority showing any of these contentions serve as evidence of judicial bias.  As a result, appellant has not demonstrated reversible error on appeal.  *Sims* at ¶ 11; *Hubbard* at ¶ 34; App.R. 16(A)(7) and 12(A)(2).  Furthermore, to the extent appellant disagrees with the trial court's rulings as to the merits of the case, such disagreement does not demonstrate judicial bias.  *Berman* at ¶ 44, quoting *Cooke v. United Dairy Farmers, Inc.*, 10th Dist. No. 05AP-1307, 2006-Ohio-4365, ¶ 46 (" 'A judge's

---

[4] We note that appellant stated the second assignment of error slightly differently in the argument section of his brief but find the differences to be immaterial to resolution of the appeal.
[5] Crim.R. 44.

rulings of law are legal issues, subject to appeal, and are not by themselves evidence of bias or prejudice.' "). Finally, our review of the record uncovers no evidence that the trial court judge reached a decision based on bias against appellant or prevented him from receiving a fair trial due to bias. *See State v. Loudermilk*, 1st Dist. No. C-160487, 2017-Ohio-7378, ¶ 20-21; *Berman* at ¶ 44. Therefore, considering all the above, despite his bias claims, appellant fails to show the trial court judge displayed "a hostile feeling or spirit of ill will" toward him. *Pratt* at paragraph four of the syllabus.

{¶ 28} Accordingly, we overrule appellant's second assignment of error.

## IV. CONCLUSION

{¶ 29} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

LUPER SCHUSTER and NELSON, JJ., concur.

_____